# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Chriwanta Bryant, Sr., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> John Doe 1, Officer Brokaw, Ms. Captain ) <br> Stewart, Mr. Mayfield, Officer Frierson, ) <br> Sgt. Kennedy, and Lt. Burley, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 5:20-cv-00814-JMC <br><br> **ORDER** |

Plaintiff Chriwanta Bryant, Sr. ("Plaintiff"), proceeding *pro se*, filed this action against Defendants John Doe 1, Officer Brokaw, Ms. Captain Stewart, Mr. Mayfield, Officer Frierson, Sgt. Kennedy, and Lt. Burley (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 5, 2021, recommending that the court dismiss the action with prejudice for failure to prosecute. (ECF No. 62.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (*Id.*) and **DISMISSES** the action with prejudice.

## I.   RELEVANT BACKGROUND

The Report sets forth the relevant facts, which this court incorporates herein without a full recitation. (ECF No. 62.) In summary, Plaintiff alleges that his constitutional rights were violated when he was denied a mattress from August 30, 2019 to September 26, 2019 while incarcerated at Lee Correctional Institution. (ECF No. 1 at 5.)

Plaintiff filed his Complaint (ECF No. 1) on February 21, 2020. Defendants subsequently filed a Motion for Summary Judgment (ECF No. 54) on September 30, 2020. As Plaintiff is proceeding *pro se*, the court entered a *Roseboro* order on October 1, 2020, explaining summary

1

judgment procedures and advising Plaintiff to file a response. (ECF No. 55.) The *Roseboro* order also explicitly instructed Plaintiff, "If you fail to respond adequately, the court may grant the defendant's motion, which may end your case." (*Id.* at 1.) Notwithstanding the instructions and warning in the *Roseboro* order, Plaintiff failed to respond to Defendants' Motion for Summary Judgment.

On February 4, 2021, the court directed Plaintiff to inform the court whether he intended to prosecute the case and ordered him to file a response to Defendants' Motion for Summary Judgment by March 1, 2021. (ECF No. 60). After Plaintiff failed to respond, the Magistrate Judge issued a Report recommending that the court dismiss the action with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 62.)

The parties were advised of their right to file objections to the Report on March 5, 2021. (ECF No. 62-1.) Neither of the parties filed objections to the Report.

## II.     JURISDICTION

This court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because the Complaint alleges violations of the laws of the United States. Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." (ECF No. 1.)

## III.     ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S.

261, 270-71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting its recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond*, 416 F.3d at 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 62) and **DISMISSES** the action with prejudice for failure to prosecute.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 29, 2021
Columbia, South Carolina